12-3676-cr
United States v. Dominguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 29th day of January, two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN
                    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             -v-                                    12-3676-cr

JOSE MANUEL DOMINGUEZ, AKA Sealed Defendant 2, AKA Flaco,[1]

                    *Defendant-Appellant*.
_____

Appearing for Appellant:     G. Richard Strafer, Jr., Miami, FL (Frank Quintero, Miami, FL, *on the brief*)

Appearing for Appellee:      Jason A. Masimore, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Russell Capone, Jennifer G. Rodgers, Assistant United States Attorneys, *on the brief*) New York, NY

_____

[1]The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Jose Manuel Dominguez appeals from the September 12, 2012 order of the United States District Court for the Southern District of New York (Gardephe, *J.*) revoking a previously issued order of pretrial release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Dominguez is one of 42 defendants named in a superseding indictment handed down by a grand jury sitting in the Southern District of New York on July 10, 2012. Dominguez was named in Counts One and Two of the indictment. Count One charges Dominguez and numerous other co-defendants with conspiracy to commit mail fraud, wire fraud and health care fraud in violation of 18 U.S.C. §§ 1341, 1343, 1347 and 1349, and carries a maximum term of 20 years imprisonment. Count Two charges Dominguez and various co-defendants with conspiracy to distribute adulterated and misbranded non-prescription drugs and redistribute them without the required licenses in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 331, and 333, and carries a maximum penalty of five years' imprisonment.

Dominguez was arrested in Miami, Florida on July 17, 2012 along with his brother, Julio Dominguez and several other Florida-based defendants. The government filed a detention memorandum in the United States District Court for the Southern District of Florida. A magistrate judge in that district admitted Dominguez to bail on the principal conditions that Dominguez file a $50,000 corporate surety bond signed by both Dominguez and his wife; file a $150,000 personal surety bond signed by Dominguez and his wife; surrender of passports and all travel documents; promise not to secure travel documents; report to Pretrial Services; continue residing at the marital home; refrain from encumbering property for anything other than bond purposes; and restrict his travel to the Southern District of Florida. Rather than challenge the bond in Florida, the United States Attorney for the Southern District of New York filed a letter asking the district court in the Southern District of New York to revoke the bail order.

Dominguez raises a number of challenges to the procedure used by the government to revoke bail, each of which fails because the government was free to move for a review of the bail order at any time pursuant to 18 U.S.C. § 3145(a). The district court recognized it had the authority to review the release order under Section 3145, and made clear it was doing so. There is no error.

A defendant awaiting trial should be detained if "no conditions or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e). District courts undertake a two-step inquiry in determining if a defendant may be released. *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). The court first asks if defendant is likely to flee; and if the answer is yes, next asks whether there are conditions which reasonably will assure the presence of the defendant at trial if he is released. *Id.* We reivew a

district court's decision to revoke bail for clear error, *see United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004) (noting that clear error review also applies to the court's overall assessment of defendant's risk of flight), and we find no clear error here.

The district court did not commit clear error in revoking the bail order. On a Section 3145(a) review, the district court was free to review the magistrate judge's factual findings de novo, and make new factual findings. There is record evidence to support the district court's conclusion that no conditions could reasonably assure Dominguez's appearance, given his past history as a boat captain, his access to a boat, and the allegation that Dominguez began committing crimes at issue while on supervised release after serving a 135-month prison term for importing cocaine. If convicted of the crimes charged in the indictment, Dominguez could be sentenced to 25 years in jail. The district court found this "an obvious motive to flee," based on the potential length of the sentence and Dominguez's strong ties to Cuba, where he still had family. The district court recognized that Dominguez preferred to stay in the United States, but found "it would not be irrational to return to his homeland."

Dominguez also argues the denial of bail violates his due process rights, because his case is not scheduled to go to trial until September 2013. A potential fourteen-month detention period does not, per se, constitute a violation of a defendant's due process rights. As this prosecution progresses, there may come a point where Dominguez's due process rights are in jeopardy, and he is free to raise the argument in the future. *See, e.g., United States v. Gonzales Claudio*, 806 F.2d 334 (2d Cir. 1986) (fourteen-month detention slated to be extended at least 26 months to accommodate lengthy trial, constituted a violation of due process rights).

Accordingly, the order of the district court hereby is AFFIRMED, without prejudice to Dominguez raising his due process arguments in the future, if appropriate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3